FILED

JUL 22 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

DOUGLAS LUTHER MYSER,

Plaintiff - Appellant,

v.

SPOKANE COUNTY; JEFFREY M.
SHOVER; MARK GREGORY; BRETT
PETERSON; PETE BUNCH, in their
capacities as police officers for Spokane
County and as individuals,

Defendants - Appellees.

No. 09-35540

D.C. No. 2:06-cv-00024-FVS

MEMORANDUM[*]

Appeal from the United States District Court
for the Eastern District of Washington
Fred L. Van Sickle, District Judge, Presiding

Argued and Submitted July 16, 2010
Seattle, Washington

Before: RYMER and N.R. SMITH, Circuit Judges, and HART, Senior District
Judge.[**]

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The Honorable William T. Hart, Senior United States District Judge
for the Northern District of Illinois, sitting by designation.

Douglas Myser appeals the district court's determination, after a bench trial, that he was not subjected to excessive force by the officers in this case. We affirm.

Myser faults the district court for having required him to prove subjective intent to strike his head against the floor, but we read the opinion differently. The court recognized that the inquiry is purely objective. It considered the *Graham* factors, *Graham v. Connor*, 490 U.S. 386 (1989), and concluded that an objective law enforcement officer in the position of the officers in this case could have concluded that Myser would not voluntarily leave the bar, that he would not peacefully submit to their authority, that he was prepared to hurt them, and that it was necessary to resolve the standoff quickly. The court's subsequent remark that the officers did not intend to strike Myser's head against the floor was not part of this decision. Accordingly, we believe it was not meant to suggest that Myser's proof fell short on this account and the comment is, therefore, harmless.

Myser also argues that the court erroneously expected him to show that the officers knowingly pushed his head into the carpet while he was on the floor. We take the court's footnote to be responding to Myser's contention that he was subjected to deadly force because "the deputies intentionally and repeatedly pushed his head into the carpet while he was on the floor" – not to be articulating a different standard by which the force that was actually administered (which did not

include repeatedly pushing his head into the floor or striking him in the head) should be judged.

Finally, Myser submits that the use of force was severe as in cases such as *Smith v. City of Hemet*, 394 F.3d 689 (9th Cir. 2005), and *Davis v. City of Las Vegas*, 478 F.3d 1048 (9th Cir. 2007). While the injury Myser suffered is undoubtedly unfortunate, the force applied was nowhere near the level of severity in *Smith* or *Davis*. Although the crime was not all that serious, the incident occurred in a crowded bar on Super Bowl Sunday, Myser was inebriated, refused to identify himself or leave voluntarily, resisted being escorted out, and assumed a fighting stance verbally and physically. When he could have cooperated with the officers, he didn't. Given all the circumstances, the district court did not clearly err in finding that the use of force was not unreasonable. *Graham*, 490 U.S. at 396-97.

AFFIRMED.

FILED

JUL 22 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

*Myser v. Spokane County*
No. 09-35540

RYMER, Circuit Judge, concurring in part and dissenting in part.

I agree that the district court did not clearly err in its findings, though I am not as certain as my colleagues what the court meant in its conclusions. I think it is possible to read the first Conclusion of Law as including the officers' lack of intent to strike Myser's head against the floor among the totality of the circumstances that the court took into consideration. It is also unclear to me what footnote 1 is meant to cover. It parallels Finding of Fact No. 47 ("While he was down, no deputy knowingly struck his head against the floor.") and suggests to me the possibility that the court thought that taking an action knowingly was a requirement. Given this uncertainty, and the fact that it was a bench trial, I would remand for the court to revisit its findings and conclusions in light of the unquestioned rule that the test for excessive use of force is purely objective.